UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAPITAL FUNDING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2359** |
| **PROPERTY HOLDING COMPANY OF CRESCENT CITY, L.L.C., ET AL.** | **SECTION D (3)** |

### ORDER & REASONS

Before the Court is Capital Funding, LLC's ("Plaintiff's") Motion for Summary Judgment.[1] The Defendants, Property Holding Co. of Crescent City, LLC ("Crescent City"), LHCC Master Lease, LLC ("LHCC"), and Uptown Healthcare Center, LLC ("Uptown") have not filed an Opposition to this Motion.[2] After careful review of the Plaintiff's memorandum, the record, and the applicable law, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

I.    **FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Capital Funding, LLC seeks to collect on a promissory note executed by Defendants and pertaining to property where Defendants operated a 200-bed skilled nursing home facility known as Maison Orleans Healthcare of New Orleans.[3]

---

[1] R. Doc. 26.

[2] The Defendants are not currently represented by counsel after prior counsel was allowed to withdraw. *See* R. Docs. 21, 25, and 27. The Court issued an Order to Show Cause to Defendants on May 18, 2022 ordering them to advise the Court of new representation. R. Doc. 28. Although the record reflects a certified mail receipt showing receipt of the Court's Order (R. Docs. 29, 30), the Defendants have failed to respond to the Court's Order.

[3] R. Doc. 26-2 at p. 2.

The promissory note (the "Note") at issue here was executed by Crescent City and Capital Funding on September 1, 2017.[4] Neither the authenticity of the Note nor of Defendant's signature is in dispute.[5] The Note's original principal amount was $10,716,900 and it required Crescent City to pay monthly installments of $50,486.83 to Plaintiff, with final payment due on or before October 1, 2047.[6] Specifically, the Note provides that:

> If a Monetary Event of Default occurs and is continuing, for a period of thirty (30) days, the entire unpaid principal balance, any accrued interest and all other amounts payable to Lender under this Note and any of the other Loan Documents shall at once become due and payable, at the option of Lender, without any prior notice to Borrower.[7]

On the same date the Note was executed, Crescent City also entered into a "Healthcare Act of Mortgage, Pledge of Leases and Rents, and Security Agreement" ("Mortgage") agreement with Plaintiff.[8] To secure the Note, that Mortgage pledged as collateral property located at 1420 General Taylor Street, New Orleans, Louisiana 70115.[9]

Two other security agreements were entered into that day: one between Plaintiff and LHCC (the "Master Tenant Security Agreement") and one between Plaintiff and Uptown (the "Operator Security Agreement").[10] These agreements

---

[4] R. Doc. 26-2 at p. 3; R. Doc. 26-6 at p. 1.
[5] R. Doc. 26-2 at p. 5; R. Doc. 16 at ¶ 9.
[6] R. Doc. 26-2 at p. 3; R. Doc. 26-6 at pp. 1–2.
[7] R. Doc. 26-2 at p. 7; R. Doc. 26-6 at p. 3.
[8] R. Doc. 26-2 at pp. 4–5; R. Doc. 26-7.
[9] R. Doc. 26-2 at p. 4; R. Doc. 26-7 at p. 46.
[10] R. Doc. 26-2 at p. 6; R. Doc. 26-9; R. Doc. 26-11.

granted Plaintiff a security interest in certain collateral in the event of default, including insurance proceeds in the event of damage to collateralized property.[11]

Further, Crescent City entered into a Master Lease agreement with LHCC, whereby LHCC agreed to lease the property at issue from Crescent City.[12] In short, Defendant Crescent City leased the property to Defendant LHCC, and LHCC, in turn, leased the property to Defendant Uptown.[13]

Crescent City did not make its required monthly payment on the Note on November 1, 2021.[14] Further, Crescent City failed to make good on its default prior to the next due date on December 1, 2021.[15] As of May 4, 2022, the outstanding amount due on the Note is $10,336,581.29, with interest, fees, and costs continuing to accrue.[16] Additionally, Plaintiff contends that under the Master Lease, LHCC and Uptown were required to maintain all "licenses, permits, and other approvals needed to operate the Property" as a skilled nursing home facility.[17] Further, Plaintiff asserts that a failure to maintain a required license constitutes an Event of Default under the Master Lease, which, in turn, constitutes default under the Master Tenant Security Agreement.[18] Plaintiff alleges that on September 7, 2021, the Louisiana Department of Health revoked Uptown's license to operate as a nursing facility for multiple failures to properly evacuate and care for the residents during Hurricane

---

[11] R. Doc. 26-2 at p. 6; R. Doc. 26-9; R. Doc. 26-11.
[12] R. Doc. 26-5.
[13] R. Doc. 26-2 at p. 2; R. Doc. 26-4 at ¶ 6.
[14] R. Doc. 26-2 at p. 7; R. Doc. 26-4 at ¶¶ 23–24.
[15] R. Doc. 26-2 at p. 7; R. Doc. 26-4 at ¶¶ 23–24.
[16] R. Doc. 26-2 at pp. 7–8; R. Doc. 26-13 at p. 1.
[17] R. Doc. 26-2 at p. 2.
[18] *Id.*; R. Doc. 26-5 at p. 47; R. Doc. 26-9 at p. 12.

Ida.[19] In short, state Department of Health regulators found that Uptown subjected its residents to cruelty and indifference.[20]

As a result of the non-payment, Plaintiff filed this lawsuit on December 22, 2021 pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, seeking, *inter alia*, to collect on the Note.[21] Although Defendants appeared initially in this matter and filed an Answer,[22] counsel for Defendants have since withdrawn, leaving the Defendant entities unrepresented by counsel.[23] Defendants have provided no response in opposition to the instant Motion for Summary Judgment.

Plaintiff argues that they are entitled to summary judgment because the undisputed facts indicate that they entered into a Note and Mortgage agreement with Defendants and that Defendants have defaulted on their obligations under those agreements by failing to timely pay Plaintiff.[24] Plaintiff requests entry of judgment against Defendants for the amounts owed under the Note as well as a judgment against Defendants "recognizing, maintaining, and rendering executory its rights" under the various Security Agreements.[25]

---

[19] R. Doc. 26-2 at p. 3; R. Doc. 1-5.
[20] R. Doc. 1-5 at pp. 7–8 ("[T]he actions of this facility [Maison Orleans] in the days following landfall . . . clearly establish cruelty or indifference to the welfare of the residents.").
[21] R. Doc. 1.
[22] R. Doc. 16.
[23] *See* R. Doc. 28 and footnote 2, herein. The Court further notes that Defendants failed to appear at a settlement conference with the Magistrate Judge on August 15, 2022, despite notice of the conference to Defendants' registered agent via email and U.S. mail. Subsequent to that conference, the Registered Agents for each Defendant sent notice to the Court that they had submitted written resignations to the Louisiana Secretary of State, effective as of August 12, 2022. *See* R. Doc. 34.
[24] R. Doc. 26-2 at pp. 14–15.
[25] *Id.* at p. 12.

## II.     LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[26] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[27] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[28] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[29]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[30] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[31] If, however,

---

[26] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[27] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).
[28] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[29] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson*, 477 U.S. at 248).
[30] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).
[31] *Id.* at 1265.

the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[32] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[33]

Finally, a party moving for summary judgment is not entitled to have their motion granted simply because their motion is unopposed.[34] Rather, their burden remains the same as if the motion was opposed; they must demonstrate that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law.[35]

### III.   ANALYSIS

Initially, the Court notes that it has diversity jurisdiction in this matter.[36]

In a suit to enforce a promissory note, summary judgment is appropriate where the moving party can show the existence of a note signed by the non-moving party and the non-moving party's default on that same note.[37] The Fifth Circuit has recognized that due to this "clear-cut and simple legal scheme . . . '[s]uits to enforce

---

[32] *See Celotex*, 477 U.S. at 322–23.
[33] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).
[34] *Homelife in the Gardens, LLC v. Landry*, 2018 WL 341703, at *2 (E.D. La. Jan. 9, 2018) (quoting *Day v. Wells Fargo Bank N.A.*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam)).
[35] *Id.*; *see also* Fed. R. Civ. P. 56.
[36] Plaintiff's sole member of its LLC is CFG Community Bank, a citizen of the state of Maryland. The sole member of each of the Defendants' LLCs is Bob Dean, a citizen of the state of Georgia. Further, Plaintiff has sufficiently pled an amount in controversy in excess of $75,000. *See* R. Doc. 1.
[37] *See, e.g., Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 276–77 (5th Cir. 1991).

promissory notes are especially appropriate for disposition by summary judgment.'"[38] Under Louisiana law, "[o]nce the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence."[39] "[T]he authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."[40] "When signatures [on a promissory note] are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."[41]

Here, Plaintiff has demonstrated that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. The facts material to an action to enforce a promissory note are (1) the existence of the note, (2) signed by the defendant, and (3) the defendant's default on its obligations under the note.[42] Plaintiff has provided competent summary judgment evidence as to all three material facts demonstrating the absence of a dispute.[43] Plaintiff has provided a copy of the Note agreement alongside the various other security agreements signed by the

---

[38] *See Bankers Tr. Co. of California, NA v. Boydell*, 46 F. App'x 731, at *3 (5th Cir. 2002) (quoting *Marshall*, 939 F.2d at 276).
[39] *See Premier Bank, Nat'l Ass'n v. Percomex, Inc.*, 92-243 (La. App. 3 Cir. 3/3/93), 615 So.2d 41, 43.
[40] La. Stat. Ann. § 10:3-308(a).
[41] *Am. Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989); *see also* La. Stat. Ann. §§ 10:3-301, 10:3-308(b).
[42] *See, e.g., Investar Bank, Nat'l Ass'n v. Com. Healthcare, LLC*, No. CV 22-284, 2022 WL 3083416, at *2 (E.D. La. Aug. 3, 2022); First *NBC Bank v. Kirsch*, 2018 WL 5024074, at *3 (E.D. La. Oct. 17, 2018).
[43] *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials[.]").

Defendants.[44] The Note clearly indicates the signature of Defendant Crescent City.[45] Similarly, the Mortgage indicates the signature of Defendant Crescent City.[46] The Note also indicates that terms by which Crescent City is to pay Plaintiff and the conditions for default.[47]

Further, Plaintiff has provided evidence by way of affidavit regarding the failure of Crescent City to either make the November 1, 2021 monthly payment deadline or to cure that failure by December 1, 2021.[48] Put plainly, Crescent City has made no payments on the Note since at least October of 2021.[49] Under the terms of the Note, should Crescent City default on a payment on the Note and fail to cure that default by the next payment period, Plaintiff may require the entire principal and any accrued interest to be due all at once.[50]

Moreover, there is no genuine dispute as to the existence of the Note nor as to the fact that Defendants have not paid Plaintiff in accordance with the terms of the Note. Defendants have not filed an opposition to this Motion. Although in their Answer Defendants generally denied the allegations against them,[51] Defendants have not produced any competent summary judgment evidence to dispute Plaintiff's claims.[52] Defendants have not "specifically denied" the authenticity of their signature

---

[44] *See* R. Doc. 26-6 (Note); R. Doc. 26-7 (Mortgage); R. Doc. 26-9 (Master Tenant Security Agreement); R. Doc. 26-11 (Operator Security Agreement).
[45] The signature of Bob G. Dean, Jr., the manager of Defendant Crescent City, is affixed to the document. *See* R. Doc. 26-6 at p. 8.
[46] R. Doc. 26-7 at p. 45.
[47] R. Doc. 26-6 at pp. 1–3.
[48] R. Doc. 26-4 at ¶¶ 23–24, 27.
[49] *Id.* at ¶ 24.
[50] R. Doc. 26-6 at p. 3.
[51] R. Doc. 16.
[52] *See, e.g.*, *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings[.]").

on the Note nor have they provided any evidence that they have in fact paid Plaintiff according to the terms of the Note.[53] Indeed, Defendants' failure to respond to Plaintiff's discovery requests for admission operates as an admission by Defendants as to the authenticity of the Note, Mortgage, and Security Agreements and their accompanying default on the Note.[54] "Courts have long recognized that summary judgment is proper where a party fails to respond to Rule 36 admissions requests on material facts."[55] Finally, Defendants have not provided or suggested that any possible defense applies here.[56]

Accordingly, because Plaintiff has demonstrated the existence of the Note signed by Defendants as well as Defendants' default on the Note, Plaintiff is entitled to recover on the Note.

Finally, Plaintiff has demonstrated that it is entitled to summary judgment on its claim for recognition of its rights under the Security Agreements. Plaintiff has shown that LHCC and Uptown defaulted on its obligations under the Master Lease by failing to maintain a license to operate Uptown which, in turn, constituted a default under the Master Tenant Security Agreement. Due to that default, Plaintiff, as the secured party, is entitled to enforce its rights in the relevant collateral.

---

[53] *See* La. Stat. Ann. § 10:3-308(a).
[54] *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); R. Doc. 26-14 at p. 2 (Declaration of Katilyn M. Hollowell); R. Doc. 26-15 (discovery requests sent to Crescent City); R. Doc. 26-16 (discovery requests sent to LHCC); R. Doc. 26-17 (discovery requests sent to Uptown).
[55] *Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, at *1 (5th Cir. Jan. 10, 2022).
[56] *See* La. Stat. Ann. § 10:3-308(b) ("[P]laintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument . . . *unless the defendant proves a defense* or claim in recoupment.") (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.[57]

**IT IS FURTHER ORDERED** that Capital Funding shall have seven (7) days from the date of this Order to submit a proposed judgment consistent with this Order to the Court's email address, efile-Vitter@laed.uscourts.gov.

New Orleans, Louisiana, September 20, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[57] R. Doc. 26.